Mr. Julian E. Barnes Arkansas Democrat-Gazette Capitol Scott Streets P.O. Box 2221 Little Rock, AR 72203-2221
Dear Mr. Barnes:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA" or "act") (A.C.A. §§ 25-19-101 to -107). Your request is made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 1993), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding a request for such records is consistent with the act.
Your request pertains, specifically, to employee evaluation and job performance records of former Arkansas Arts Council director Bill Puppione. According to correspondence attached to your request, there has been a final administrative resolution with respect to the termination of Mr. Puppione, and the Department of Arkansas Heritage ("Department") intends to make the records available for review. Under the act, however, the custodian shall not disclose the records until the Attorney General has issued his opinion. Id. The opinion must be issued within three working days of receipt of the request. Id.
With regard to the specific records in question, it is my opinion that the memorandum dated April 13, 1995, notifying Mr. Puppione of his termination is subject to disclosure. Under the FOIA, "all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee, and if there is a compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1) (Supp. 1993). It is my understanding that there has been a final administrative resolution of the termination of Mr. Puppione, and that there are no administrative remedies available to him. See Department of Arkansas Heritage Grievance Procedure (Revised 7/1/93). Thus, those evaluation or job performance records which formed a basis for the termination will be open for public inspection if there is a compelling public interest in their disclosure.
A notice to terminate a public employee and a supervisor's memorandum addressing the substantive reasons for an employee's demotion are, according to previous opinions issued by this office, generally encompassed within the provision governing employee evaluation and job performance records. Ops. Att'y Gen. 92-247, 92-191, and 92-231. The April 13, 1995, memo would, therefore, as a general matter fall within this category.
With regard to the existence of a "compelling public interest" in disclosure, it has been stated by a recognized commentator on the FOIA that "the mere fact that an employee has been suspended or terminated does not mean that the records should be made public[.]" J. Watkins, TheArkansas Freedom of Information Act 135 (2d ed. 1994). Professor Watkins notes that "[t]he nature of the problem that lead to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . . Id. He also notes that "[t]he status of the employee — or, perhaps more precisely, his rank within the bureaucratic hierarchy — may also be relevant. . . . As a practical matter, courts may be more likely to find [a compelling public interest] when a high-level employee is involved than when the evaluations of `rank-and-file' workers are at issue." Id. at 136. As also pointed out by Professor Watkins, however, "a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. Id. at 137.
In this instance, the nature of the infraction and the employee's position within the agency lead me to conclude that the balance must tip in favor of disclosure of the memorandum. Mr. Puppione was the Agency Director of the Arts Council and the reasons given for his termination, as reflected in his supervisor's memo, center directly on his primary administrative and managerial roles. It may reasonably be concluded that the public has a great interest in the performance of such an employee and that when considering the nature of the infraction in this instance, the public's interest will be sufficient to overcome any privacy interests at stake.
With regard to any other evaluation and/or job performance records, it should be noted that I do not know which records, specifically, the Department plans to release. My review indicates that the files probably contain records which did not, in fact, form a basis for the termination decision. This requirement for disclosure under A.C.A. § 25-19-105(c)(1) will presumably be noted by the custodian as he or she makes the necessary factual determination.
Finally, it is my opinion that no constitutional Fourteenth Amendment "right to privacy" interest is implicated in connection with the release of any evaluation or job performance records in this instance. Seegenerally McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989) and Op. Att'y Gen. 93-356.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh